IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAX G. MORGAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA d/b/a UNUMPROVIDENT,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:10-cv-957 DN<br><br>District Judge David Nuffer |

This is an insurance coverage case arising out of two disability insurance policies (the "Policies") issued by Defendant Unum Life Insurance Company of America ("Unum") to Plaintiff Max G. Morgan in 1988.  Morgan alleges that he suffered accidental injuries to his left hand in 2004 and again in October 2006 that left him totally disabled within the meaning of the Policies.  Morgan claims Unum breached the Policies by treating Morgan's disability as a residual disability rather than a total disability, by failing to waive and/or refund his disability premiums after he became disabled, and by improperly calculating the available benefits under the Policies.  Morgan further claims that Unum breached its duty to act in good faith and deal fairly with Morgan by failing to conduct a reasonable and fair investigation of his disability claim.  In addition to his claims for breach of contract and breach of the covenant of good faith and faith dealing, Morgan has alleged claims for intentional and/or negligent misrepresentation, intentional infliction of emotional distress, and breach of statutory duty.[1]

Unum has moved for summary judgment on all of Morgan's claims on grounds that Morgan was undisputedly residually disabled rather than totally disabled, Unum paid all of the

---
[1] Complaint and Jury Demand, docket no. 1-1.

residual disability benefits under the Policies to which Morgan was entitled, and Unum acted in good faith because coverage was at least fairly debatable.[2]  Morgan has conceded his claims for intentional and/or negligent misrepresentation, intentional infliction of emotional distress, and breach of statutory duty,[3] and to that extent Unum's summary judgment motion is GRANTED. As outlined below, the material facts underlying Morgan's contract claims are genuinely in dispute.  The motion is therefore DENIED with respect to Morgan's claims for breach of contract and breach of the covenant of good faith and fair dealing.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]  In applying this standard, the court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[5]  However, "the nonmoving party must present more than a scintilla of evidence in favor of his position."[6]  A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7]

## Discussion

Under the Policies, Morgan is totally disabled if "injury restricts [his] ability to perform the material and substantial duties of his regular occupation to an extent that prevents him from

---

[2] Defendant's Motion for Summary Judgment, docket no. 20, filed on April 20, 2012.

[3] Plaintiff's Opposition to Defendant's Motion for Summary Judgment at iii, docket no. 26, filed June 5, 2012.

[4] Fed. R. Civ. P. 56(a).

[5] *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1204 (10th Cir. 2011) (internal quotations omitted).

[6] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).

engaging in his regular occupation."[8]  Morgan's "regular occupation" is "[his] occupation at the time the Elimination Period [(*i.e.*, 90 days before benefits are payable)] begins."[9]  The Policies, which are tailored to physicians, go on to specify that if Morgan "engages primarily in a professionally recognized specialty . . ., his occupation is that specialty."[10]

In his opposition memorandum and the attached evidentiary materials, Morgan sets forth facts on which a reasonable jury could conclude that he was totally disabled under the Policies as a result of the injury to his left hand.  Specifically, Morgan has presented evidence that his regular occupation at the beginning of the Elimination Period was general surgery (a professionally recognized specialty), including his testimony as to his education and training and his pre-injury practice, his hospital privileges, his medical license, his malpractice coverage, and the testimony of his treating physician.[11]  Additionally, Morgan has set forth evidence showing that he was no longer able to engage in general surgery, and was limited to an office-based family medicine practice, because of the injury to his left hand.  Unum has demonstrated that Morgan continued to perform in-office procedures, which Morgan characterizes as "lumps and bumps," and that Morgan performed at least one major surgery in March 2007.  However, a reasonable jury could conclude that these minor office procedures were not part of Morgan's surgical specialty and that the single major surgery performed by Morgan in March 2007 — which was before the March 27, 2007 surgery on Morgan's hand and before Unum considered

---

[8] Policies at UA-CL-000373, UA-CL-000367, and UA-CL-000390, docket no. 23-2, filed on April 20, 2012.

[9] *Id.* at UA-CL-000368, UA-CL-000373, and UA-CL-000391.

[10] *Id.*

[11] Unum has moved to strike substantial portions of Morgan's declaration based on the best evidence rule, lack of foundation, hearsay, and claimed contradictions with Morgan's deposition testimony.  *See* Motion to Strike Portions of the Declaration of Max G. Morgan, docket no. 30, filed on June 22, 2012.  The court has reviewed Unum's objections, finds they have no merit or apply to immaterial testimony for purposes of summary judgment, and denies the motion to strike accordingly.

Morgan's disability claim on its merits — does not prove that Morgan could continue performing major surgeries on an ongoing basis.

Morgan has also produced sufficient evidence that even if he was only residually disabled, Unum did not pay the benefits to which Morgan was entitled under the Policies. Specifically, Morgan has demonstrated an issue of fact concerning whether Unum sufficiently waived and/or refunded Morgan's disability premiums after he became disabled and whether Unum paid the correct amount of residual disability in months where disability payments and capital contributions were erroneously included as income to Morgan. The record thus demonstrates genuine issues of material fact that preclude summary judgment on Morgan's claim for breach of contract.

Finally, Morgan has set forth facts sufficient to support his claim for breach of the covenant of good faith and fair dealing. Unum contends that Morgan's claim fails as a matter of law because the coverage issues are fairly debatable. In the first-party insurance context, "[t]he implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling a claim."[12] "[W]hen an insured's claim is fairly debatable, the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to do so."[13] However, application of the fairly debatable defense rests upon the insurer's having first "*diligently* investigate[d] the facts . . ., *fairly* evaluate[d] the claim, and . . . act[ed] *promptly* and *reasonably*

---

[12] *Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 465 (Utah 1996) (quoting *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985)).

[13] *Id.*

in rejecting or settling the claim."[14]  Morgan has submitted evidence on which a reasonable jury could conclude that Unum never made a total disability determination, and instead decided to treat the claim as one for residual disability for purposes of convenience and to reduce its potential exposure.  Where, as in this case, the facts concerning whether the insurer conducted a reasonable and fair investigation and evaluation of the insured's claim are in dispute, summary judgment is properly denied.[15]

Morgan relies in part on the report of his expert (Mary Fuller) to support his bad faith claim.  Unum has moved to strike Ms. Fuller's report under Fed. R. Evid. 702 on grounds that she is not qualified and that her report is unreliable and will not assist the trier of fact.  The court finds that Ms. Fuller is qualified to testify concerning industry standards for investigation and evaluation of disability claims based on her extensive experience with disability claims handling and administration, specifically including disability claims under own occupation disability policies like those at issue in this case.  The court further finds that Ms. Fuller's testimony concerning Unum's compliance with industry standards in its handling of Morgan's disability claims is both reliable and relevant to Morgan's bad faith claim.  Accordingly, the court DENIES Unum's Motion to Strike Report and Testimony of Mary E. Fuller.[16]  However, the Court has significant concern as to the relevance of, and the potential for prejudice in, Ms. Fuller's use of the Market Conduct Examinations and related settlements.  As this testimony is not material to the court's ruling on Unum's summary judgment motion, its admissibility at trial would be more appropriately addressed in a motion in limine and is not decided here.

---

[14] *Id.* (internal quotations omitted).

[15] *Nelson v. Safeco Ins. Co. of N. Am.*, 396 F. Supp. 2d 1274, at 1280-81 (D. Utah 2005).

[16] Docket no. 34.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (docket no. 20) is GRANTED IN PART as to Plaintiff's claims for intentional and/or negligent misrepresentation (claim no. 3), intentional infliction of emotional distress (claim no. 4), and breach of statutory duty (claim no. 5) and DENIED IN PART as to Plaintiff's claims for breach of contract (claim no. 1) and breach of the implied covenant of good faith and fair dealing (claim no. 2).

IT IS FURTHER ORDERED that Defendant's Motion to Strike Portions of the Declaration of Max G. Morgan (docket no. 30) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Report and Testimony of Mary E. Fuller (docket no. 34) is DENIED.

Dated this 3rd day of August, 2012.

BY THE COURT

_____
District Judge David Nuffer